[Crim. No. 3152. In Bank.—January 16, 1929.]

THE PEOPLE, Respondent, v. W. D. SMITH, Appellant.

Edgar B. Hervey for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Elmer W. Heald, District Attorney, and Edward B. Patterson, Deputy District Attorney, for Respondent.

SHENK, J.—The defendant was charged in four counts with embezzlement of public funds during the time he was treasurer of the city of Imperial. On the first trial the jury disagreed. Counts 1 and 3 were dismissed on motion of the district attorney. On the second trial the defendant was acquitted on the fourth count and was found guilty on the second count which charged the embezzlement, on the ninth day of November, 1926, of the sum of $218.46 of the funds of the city of Imperial. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

The grounds of the appeal are that the evidence is insufficient to support the verdict and that the court erred to the prejudice of the defendant in certain instructions given. It appears that one C. H. Hawkins was city recorder and justice of the peace of the city of Imperial. On November 1, 1926, he handed a check for the amount of fines collected during the preceding month, in the sum of $342, to his clerk for delivery to the defendant as city treasurer. This check was delivered to the defendant on November 9, 1926. On the same day the defendant signed and delivered to said clerk a receipt showing the deposit of that sum in the city treasury. The defendant had pursued the method of depositing in bank to the credit of designated accounts the funds of the city reposed to his custody. He maintained a checking account under the designation "W. D. Smith, Trustee." The money represented by the check received from the city recorder could not, in whole, be credited to one fund. Thirty dollars was subject to be credited to the general fund and the balance to the street improvement fund. On November 9, 1926, he deposited the full amount of the check in the Farmers' and Merchants' Bank of Imperial to the credit of the street improvement bond account. On the same day he withdrew by check from said account the sum of $218.46 and deposited the same in the Pacific Southwest Trust and Savings Bank to the credit of the W. D. Smith Trustee account. Six days later, to wit, on November 15, 1926, the defendant deposited to the credit of a city treasurer account in the Farmers' and Merchants' Bank said sum of $342, being the amount received from the city recorder on November 9th. The accounts of the city

treasurer were experted on the thirtieth day of the same month. No shortage was discovered and the defendant thus fully accounted for all public moneys on hand on that day and said funds were thereupon turned over to the defendant's successor in office. With this state of the treasurer's accounts as to count 2, the defendant was, on December 28, 1926, formally charged with embezzlement of public funds.

The respondent insists that the evidence was sufficient to support the verdict because it further appeared in evidence that between November 9th and 15th certain amounts were withdrawn from the W. D. Smith Trustee account and devoted to the defendant's personal use, which withdrawals reduced the W. D. Smith Trustee account to the extent of $218.46. It is not claimed by respondent that on November 15th and thereafter all moneys received by the defendant from the city recorder were not on deposit in the proper accounts.

By reason of the strictness with which the law surrounds the custody and use of public funds, it may reasonably be contended that the showing with reference to the withdrawal and use of moneys from the trustee account during the times intervening between November 9th and 15th was sufficient to support a verdict of guilty of embezzlement of public funds, provided the jury was satisfied that all of the elements of the felony charged were present in the transaction and no prejudicial error was committed by the court. This brings us to the consideration of the most serious error complained of.

The court instructed the jury that whenever a person is charged with embezzlement and it appears that the accused voluntarily or actually restores or tenders restoration of the property alleged to have been embezzled, or any part thereof, such fact is not a ground of defense "but it authorizes the court to mitigate the punishment in its discretion." Without intimating what would be the effect of such an instruction in an ordinary embezzlement case, it is obvious that it is entirely inappropriate and misleading in the case of alleged embezzlement of public funds. Section 1203 of the Penal Code has in effect deprived a defendant in this class of crimes of the right to apply for probation and has absolutely divested the court of all power therein to grant probation. Except by an order of probation there

would be no way by which the trial court could "mitigate the punishment." That the instruction was considered by the jury to the prejudice of the defendant is evidenced by the form of the verdict wherein the defendant was found guilty as charged in count two and "we recommend probation—unanimously." The jury retired for deliberation at 4:40 P. M. and returned with the verdict at 9:30 the following morning, and it is conceded by the respondent that it was only by reason of the showing on the question of restitution that the jury recommended probation. We are satisfied from the record that the jury was misled by said instruction into rendering the verdict which was returned and that it is fairly apparent that but for such mistaken statement as to the powers of the court in the premises the jury would not have agreed upon a verdict of guilty.

The case of *Territory* v. *Griego,* 8 N. M. 133 [42 Pac. 81], is in point. In that case the defendant was charged with murder. The court instructed the jury as follows: "While the law fixes the punishment in the case, or rather while the court assesses the punishment, the law authorizes you, in case you find the defendant guilty, to recommend him to the mercy of the court; and that recommendation made by the jury will be considered by the court in fixing the punishment." The jury found the defendant guilty as charged and recommended the prisoner to the mercy of the court. The judgment was reversed on the ground that the court, under the law in that jurisdiction, upon a verdict of guilty in murder cases, had no discretion to mitigate the punishment and had no alternative but to sentence the defendant to death. It was held that if the jury had been informed of the true state of the law it was within the range of reasonable probability that the jury would not have agreed upon a verdict, and that because of the gravity of the punishment the jury might well have clung to a doubt of guilt rather than to hang a man whose guilt they doubted. Persuasive authorities to the same effect are cited in the opinion in that case. The vice in the instruction here complained of is that the intimation or promise extended to the jury that leniency in the punishment might be extended to the defendant by the court, had a tendency to draw the attention of the jury away from the evidence and overcome reasonable doubt and thus to induce the jury to reach a verdict on ulterior con-

siderations. On the facts in this case the jury might have entertained a reasonable doubt as to the existence of all the necessary elements of the felony charged against the defendant and acquitted him but for the erroneous instruction. Under these circumstances the saving clause of the constitution (art. VI, sec. 4½), may not operate on the judgment of conviction and it should be reversed. The fact that the court further instructed the jury that the question of punishment is left wholly to the court did not cure the error. It may not be said to have effaced from the minds of the jury the hope and expectation that the court in the exercise of its powers might extend leniency to the defendant.

On the motion for a new trial the defendant produced the affidavits of several members of the jury that by the instruction complained of they were led to believe and did believe that the court had the power to grant the defendant probation; that they believed that under the circumstances shown in the case the court would grant probation and that they would not have voted for a verdict of guilty except for said instruction. The court very properly ruled that the showing thus made was insufficient to support the motion in that, under the well-established rule, a juror will not be permitted to impeach his verdict in the manner thus sought to be done. (*People* v. *Kromphold,* 172 Cal. 512, 524 [157 Pac. 599]; 8 Cal. Jur., p. 437.) No other alleged errors require discussion.

The judgment and order are, and each is, reversed.

Richards, J., Preston, J., Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.