(No. 36653.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL ROEBUCK, Plaintiff in Error.

*Opinion filed June 6, 1962.*

Holland C. Capper, of Chicago, appointed by the court, (Thomas P. Sullivan and Martin S. Bieber, also appointed by the court, of counsel,) for plaintiff in error.

William G. Clark, Attorney General, of Springfield, Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and John T. Gallagher and James R. Thompson, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Hershey delivered the opinion of the court:

Defendant was indicted for the unlawful possession of narcotics. He made a timely motion to suppress evidence which he alleged had been obtained by Chicago police officers in violation of his constitutional rights. The trial judge, after hearing evidence, denied the motion. Defendant was tried by the court without a jury. The People introduced the evidence defendant had moved to suppress. Defendant was found guilty as charged and was sentenced to the penitentiary for from five to ten years. His written post-trial motions were overruled. His sole contention on this writ of error is that the court erred in denying his motion to suppress.

The record of the hearing on the motion to suppress discloses that defendant, who had previously been convicted of a felony, and a female companion, known to the police as a narcotics addict and prostitute, were walking down a

public sidewalk in Chicago when they were arrested without a warrant by two Chicago police officers for violation of a Chicago ordinance making it unlawful "for any habitual drunkard, any person known to be a narcotic addict, any person known to be a prostitute, or any person who aids or abets prostitution, or for any person previously convicted of a felony, of prostitution, or of aiding and abetting prostitution, to assemble or congregate with other persons of any of the foregoing classes in or about the public ways, or other public places in the city, or to loaf or loiter in or about or frequent the premises of any place where intoxicating liquors are sold." The arresting officers knew of defendant's previous conviction of a felony and also knew that his companion had served 90 days in the house of correction as a narcotics addict and that she was a prostitute.

Immediately following the arrest, as one of the officers was attempting to search defendant, the other officer saw defendant throw an object into a parked car. The object was retrieved and was latter identified as heroin. This was the evidence toward which the motion to suppress was directed.

Defendant contends that his conduct was not within the prohibition of the ordinance, and further that the ordinance is unconstitutional. From this he reasons that his arrest and the search incident thereto were both unlawful, and that his motion to suppress should have been allowed. The People, on the other hand, citing *People* v. *Stewart,* 23 Ill.2d 161, and *Hester* v. *United States,* 265 U.S. 57, 68 L. ed. 898, contend that the incriminating evidence was not obtained as the result of any search, reasonable or unreasonable, since it was taken from a car where it was plainly visible from the outside, and since it had been abandoned by the defendant before its seizure by the police. Unlike the cases cited by the People, however, the discovery of the heroin was a direct and immediate result of the arrest and search of the defendant. We are, therefore, unable to accept the

People's contention that the seizure of the heroin can be divorced from the question of the lawfulness of the arrest and the reasonableness of the attendant search of defendant's person.

We find it unnecessary for a decision upon the issue in this case to determine the constitutionality of the ordinance. We agree with defendant's contention that he was not in violation of the terms of the ordinance at the time he was arrested, and that his arrest was, for this reason, unlawful. The uncontradicted evidence is that defendant was doing no more than walking along the sidewalk with one other person. The ordinance makes it unlawful for any of the designated classes of persons "to assemble or congregate with other persons of any of the foregoing classes." Whatever the city council may have intended by the somewhat indefinite words "assemble or congregate," it would, in our opinion, be an unreasonable construction of a penal enactment to hold that two people walking down the street are assembling or congregating.

The lawfulness of the arrest depends upon the justification for the arrest at the time it was made, and the discovery of the heroin upon search after the arrest does not relate back to operate as a justification for the arrest. (*People* v. *Galloway,* 7 Ill.2d 527, 535.) An arrest may be made by an officer without a warrant "for a criminal offense committed or attempted in his presence" or "when a criminal offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it." (Ill. Rev. Stat. 1959, chap. 38, par. 657.) Since the defendant, as we have held, was not in fact violating the ordinance, his arrest on this ground was unlawful.

What the constitution prohibits is an unreasonable search and seizure, and the People have, on oral argument, advanced the theory that the search may have been reasonable, irrespective of the unlawfulness of the arrest. It has been suggested that our decisions in *People* v. *Watkins,* 19 Ill.2d

11, and *People* v. *Faginkrantz,* 21 Ill.2d 75, imply that the reasonableness of a search may be sustained by factors other than the lawfulness of the arrest. (See Thompson, "Illinois Search and Seizure Law—the New Frontier," 11 DePaul Law Review, 27.) Regardless of whether or not, under certain circumstances, a search may be reasonable in the absence of a lawful arrest, no such circumstances appear from the record in this case. While there are factors in the record from which one might speculate that the arresting officers may have had reason to suspect that the defendant was in the unlawful possession of narcotics, these factors were not developed nor were they relied upon by the People in the hearing on the motion to suppress. Instead, the People relied solely upon the arrest for violation of the ordinance which we have found to be inapplicable. Under these circumstances, the reasonableness of the search cannot be sustained, and the motion to suppress should have been allowed. For this reason, the judgment of the trial court must be reversed.

The judgment of the criminal court of Cook County is reversed.

*Judgment reversed.*