(No. 37843.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEONARD CUMMINGS, Plaintiff in Error.

*Opinion filed September 29, 1967.*

WARD, J., took no part.

MURRAY L. BOX, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C.

KISSANE and OLIVER FERGUSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The defendant, Leonard Cummings, was convicted of unlawful possession of narcotic drugs in a bench trial in criminal court of Cook County on November 28, 1961, and was sentenced to the penitentiary for a term of not less than 2 nor more than 10 years. The case is before us on a writ of error to review the conviction.

Defendant's sole contention is that an illegal search, without a warrant and not incident to a lawful arrest, resulted in the seizure of narcotic drugs which were improperly admitted into evidence thereby leading to his conviction.

Two police officers, Herron and Pates, testified that in the early morning of August 9, 1961, an informant named Watkins, whom Pates had known for three years, and who died prior to the trial, told them he was going to give them a man who was selling narcotics. Watkins took the officers to the corner of Whipple and Madison Streets in Chicago, pointed out the defendant, and then left. The police officers watched the defendant for about one-half hour from across the street. During this time defendant walked to a doorway, sat down, removed a package from his pocket, and placed it near his left foot. No one approached defendant while the officers observed him, and about 12:30 A.M. both officers crossed the street. Herron asked defendant his name and occupation while Pates picked up the package which defendant had placed about 2 or 3 feet from his foot. It was a cigarette package containing 16 tin-foil packets. Pates opened one packet and found it to contain white powder. They then placed defendant under arrest. It was stipulated at trial that a police chemist would testify that the tin-foil packets contained heroin.

There is nothing to show that the officers conducted

an improper search. The package containing the narcotic drugs was in plain and open view on the sidewalk. They had observed defendant place it there under circumstances sufficiently suspicious to warrant an investigation. Upon discovering the tin-foil packets containing white powder, the officers had reasonable grounds to believe defendant had committed the offense of unlawful possession of narcotic drugs. The arrest was proper.

We find no reversible error in the record, and the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.