(No. 41706.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* VINCENT CIMINO, Appellant.

*Opinion filed March 24, 1970.—Rehearing denied October 6, 1970.*

WARD, J., took no part.
SCHAEFER, J., dissenting.

GERALD W. GETTY, Public Defender, of Chicago, (JAMES N. GRAMENOS, Assistant Public Defender, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and PATRICK T. DRISCOLL, JR., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURT delivered the opinion of the court:

The grand jury returned an indictment, in the circuit court of Cook County, against the defendant, charging him with the offense of possession of a narcotic drug in viola-

tion of section 3 of the Uniform Narcotic Drug Act. (Ill. Rev. Stat. 1967, ch. 38, par. 22—3.) Subsequent to this, an error was found in the indictment and after admonishment by the court as to the right to be reindicted properly, the defendant agreed to waive reindictment. The People then proceeded by information. The defendant then made a timely motion to suppress physical evidence that was obtained by the Chicago Police Department. After a hearing on the matter, the trial judge denied the motion and allowed the evidence to be introduced by the State. The jury returned a verdict of guilty and the defendant was sentenced to the penitentiary for a term of 5 to 10 years.

It appears from the record that on the evening of February 3, 1966, at approximately 11:30 P.M., the defendant and Ronnie Boland were on foot approaching the intersection of Bell and Potomac Streets in Chicago. At that moment, the police officers involved in the case were approaching the intersection in an unmarked vehicle. The two police officers testified that they recognized Ronnie Boland as a known narcotics user, and when the defendant and Boland were approximately 20 to 30 feet from the squad car, one of the officers turned the spotlight on the two subjects. The officers then stated that they observed the defendant raise his hand to his mouth and then lower it to his waist and release a tin foil packet, the size of a quarter, which landed in the snow. One of the officers retrieved the packet and after determining that it appeared to be heroin, shouted to the officer to place the two subjects under arrest. The officers field tested the contents of the packet, which resulted in a positive reaction. Not having any narcotics in his possession, Boland was released from custody.

The first question for this court's attention is whether the packet of narcotics should have been introduced in the trial. The defendant contends that the police officers did not have probable cause to make a lawful arrest and as a consequence, the seizure of the heroin was unreasonable. The de-

fendant has cited *People* v. *Roebuck*, 25 Ill.2d 108, as authority for the contention that the motion to suppress the evidence should have been allowed in the trial court. However, we believe that the factual situation in that case was somewhat different from that in the case at bar. There the defendant was arrested without a warrant by two Chicago police officers for violation of a Chicago ordinance. Immediately following the arrest, as one of the officers was attempting to search the defendant, the other officer saw defendant throw an object into a parked car. The object was retrieved and was later identified as heroin. However, in the case before us, the defendant abandoned the narcotics before the police officers had placed him under arrest. The police officers testified that the defendant dropped the packet only a few seconds after they had placed the light on the two subjects. The crux of the issue is whether, after viewing this action by the defendant, the arrest that the officers subsequently made was based on the reasonable grounds that the defendant had committed or was now committing a criminal offense. *People* v. *Wright*, 41 Ill.2d 170; *People* v. *Peak*, 29 Ill.2d 343, 347; *People* v. *Demarios*, 401 Ill. 146, 149.

We believe that the actions of the defendant gave the officers reasonable grounds for believing that he had, in fact, committed or was now committing a criminal offense. The existence of probable cause or reasonable grounds for arrest depend, of course, on the totality of the facts and circumstances of each case. (*People* v. *McCrimmon*, 37 Ill.2d 40, 43.) Both of the arresting officers in this case were experienced narcotics personnel and observed the defendant throw away or drop the tin foil packet which, as was brought out in the course of the trial, is commonly used to carry heroin. This court in *People* v. *Watkins*, 19 Ill.2d 11, 19, said "Police officers often must act upon a quick appraisal of the data before them, and the reasonableness of their conduct must be judged on the basis of their responsibility to prevent crime and to catch criminals". The officers

were reasonable in seizing the packet of heroin, and the arrest that ensued was based on probable cause.

The defendant also contends that the trial court violated his constitutional rights by subjecting him to double jeopardy when it improperly abandoned a valid indictment after the empaneling and swearing of the jury and substituted an information in lieu thereof. However, the record indicates that the jurors had not been sworn and empaneled when the information was filed and sworn to. The record is clear that the empaneling of jurors continued after the defendant waived reindictment on advice of counsel and elected to be charged by the information. Thus, no jeopardy attached because no jury had been sworn or empaneled. (Ill. Rev. Stat. 1967, ch. 38, par. 3—4(a)(3); cf. *People* v. *Watson,* 394 Ill. 177, 180.) In conjunction with this argument the defendant contends that the waiver of reindictment was without an adequate understanding of the significance of the waiver. The record indicates that the defendant was represented by counsel, and that the trial court gave the defendant extensive admonishment concerning his rights to be charged by indictment. In fact, the defendant's attorney told him: "Do you understand they can go before a Grand Jury and get a reindictment inserting the word 'knowingly'? Then we would have to wait until you get a Jury again, sit in jail until you get the Jury, or we can waive it. They are going to put it in anyway. Do you want to go to trial?" In addition, the question is before us for the first time in that nothing was mentioned of it in the post-trial motion. The general rule is that the failure of a defendant to make an appropriate motion in the trial court, thus not preserving the question for review, is deemed to be a waiver of the question. (*People* v. *Burson,* 11 Ill.2d 360, 370.) We find that the defendant waived reindictment with an adequate understanding of the significance of this action.

The defendant next contends that the comment by the

State's Attorney in his closing argument: "As a matter of fact, the defendant is eligible for probation on this case," denied the defendant a fair and impartial trial.

As this court said in *People* v. *Swets,* 24 Ill.2d 418, 423: "While the comments exceeded the bounds of propriety, we do not think that under the circumstances of this case they were sufficiently prejudicial to call for a reversal. Where it appears that improper remarks do not constitute a material factor in the conviction, or that they are of such a minor character that prejudice to defendant is not their probable result, the verdict will not be disturbed." See also *People* v. *Berry,* 18 Ill.2d 453, 458; *People* v. *Sustak,* 15 Ill.2d 115, 126.

On defendant's motion for a new trial, the trial court was cognizant of this argument, and was in the best position to determine what effect, if any, it had upon the jury. We are not inclined to set aside its decision of the probable impact upon the jury. The judgment of the circuit court of Cook County is, therefore, affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.

Mr. JUSTICE SCHAEFER, dissenting:

In my opinion the argument of the prosecutor: "As a matter of fact the defendant is eligible for probation on this case," requires a reversal of the conviction. The majority makes no attempt to justify this argument, and its only purpose appears to be to diminish the jury's sense of responsibility by persuading them that a verdict of guilty is not a significant matter because even if he is found guilty the defendant is not going to be punished. (See *People* v. *Lynn* (1944), 387 Ill. 549; *People* v. *Klapperich* (1939), 370 Ill. 588; *Kelley* v. *State* (1936), 210 Ind. 380, 3 N.E.2d 65; *People* v. *Smith* (1929), 206 Cal. 235, 273 P. 789.)

This argument is, in my opinion, clearly and deliberately prejudicial even if the facts were as the prosecutor stated. In this case the error is compounded, however, by the fact that the prosecutor's statement was not true.