THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEONARD A. MASON, Defendant-Appellant.

(No. 70-127;

Fifth District—September 16, 1971.

Paul Bradley, of Defender Project, of Mt. Vernon, for appellant.

Peyton Berbling, State's Attorney, of Cairo, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant was convicted in a bench trial for possession of less than 2.5 grams of marijuana and was placed on probation for one year and fined $250.00 plus costs of suit. The question presented is whether the defendant was properly found guilty where the chief evidence was a marijuana cigarette which was found on his person in a search following his arrest. A motion was made by the defendant to suppress this evidence. By stipulation the evidence heard on the motion was the evidence on guilt or innocence.

The chief of police of the City of Cairo received a telephone call from an unnamed person, the owner of a filling station who was, in the opinion of the police chief, a reliable informer because this person had previously given information to other officers of the police department. The chief had never before acted on any information received from this person. The information received from this person was that the defendant and another "might have narcotics on them." The chief of police found the defendant and another person driving an automobile on Washington Avenue in the City of Cairo and arrested them for "suspicion of possession of narcotics." The subsequent search took place in the police squad room.

Only the chief of police testified at the hearing and the foregoing is all of the relevant evidence.

The question raised by the defendant is whether there was probable cause for the arrest of the defendant and, therefore, for the subsequent search of his person.

Generally, there is no substantial question but that a warrantless search of the person of an individual who is properly under arrest which provides evidence tending to support the commission of the crime for which the person was arrested is reasonable. The preliminary inquiry is whether there exists any probable cause for the arrest. The constitutional prohibition being against unreasonable searches and seizures, no immunity from search is given on the occasion of a lawful arrest. *People v. Clark,* 9 Ill.2d 400, 137 N.E.2d 820; *Harris v. United States,* 331 U.S. 145, 91 L.Ed. 1399.

The question presented, therefore, is whether the arrest was lawful. More particularly, the question is whether the arresting officer (the chief of police) had any reasonable ground for believing that the defendant had committed the criminal offense of possession of marijuana prior to the arrest.

Probable cause for arrest and search can present a very complicated and intricate problem. The circumstances shown by the evidence here so clearly fail to meet the test of reasonableness that it is not necessary to analyze the rule.

In this instance the arresting officer had "information that the two defendants might have narcotics on them," and apparently was informed that the defendant and the driver of the car were at some general location in Cairo.

▮▮▮ Probable cause or reasonable cause for arrest may be supplied by information from informants where it is reasonable for the arresting officer to rely on this information, (*People v. Hoffman*, 45 Ill.2d 221, 258 N.E.2d 326.) The information referred to means factual information. It is not necessary to discuss what are facts for this purpose since the "information" relied upon here was only a conclusionary possibility and in no sense a fact. If the arresting officer had any information on which he relied, it was not revealed by the testimony. In the absence of reasonable facts there was no reasonable or probable cause for the arrest so that the arrest was unlawful and the search was therefore illegal. See Illinois Code of Criminal Procedure, section 107—2(c) (grounds for a proper arrest), Section 108.1 (lawful arrest as basis for search), *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed.2d 723, 84 Sup. Ct. 1509; and *Preston v. United States*, 370 U.S. 364, 11 L.Ed.2d 777, 84 Sup. Ct. 881.

▮▮▮ The lawfulness of the arrest depends upon the justification for the arrest at the time it was made and the discovery of narcotics upon search after the arrest does not relate back to operate as a justification for the arrest. (*People v. Galloway*, 7 Ill.2d 527, 131 N.E.2d 474; and *People v. Roebuck*, 25 Ill.2d 108, 183 N.E.2d 166.)

Since the essential question is one of an unreasonable search and seizure and the only basis on which the defendant was arrested was a possibility or a suspicion which was reported to the arresting officer by a person whose reliability was in no way proved, the search is, on the face of the matter, unreasonable, and it is not essential to establish that the arrest was unlawful, but under the facts set forth in this case the arrest also was illegal. The evidence of the marijuana cigarette should have been suppressed, and since there was no other evidence capable of supporting a conviction, the judgment of the trial court must be reversed.

Judgment reversed.

EBERSPACHER and MORAN, JJ., concur.