THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HARRY HARDEN, Defendant-Appellant.

(No. 74-186;

Fifth District—November 20, 1974.

Robert L. Douglas, of Robinson, for appellant.

Patricia H. Fehrenbacher, of Newton, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Harry Harden, from a judgment entered on a jury verdict by the circuit court of Jasper County, convicting him of the offense of operating a motor vehicle while under the influence of intoxicating liquor.

The defendant, through his retained counsel, waived arraignment and requested a jury trial. The record before us discloses that no issue as to the lack of probable cause was raised in the trial court. During the direct examination of the State's first witness, Trooper Harry Sutton, the following colloquy occurred:

"A. I was sitting at the intersection. There was a man and woman drove up.

MR. HELLMAN: Objection, your Honor. May we approach the bench.

THE COURT: Yes, sir.

(Conference between Court and Counsel before the bench but out of the hearing of the Jury):

MR. HELLMAN: I believe the State is leading the witness. She is preparing the witness to testify to some hearsay testimony. It's apparent that the persons who made the statements which he is about to testify to are not present in open court. They are unsworn statements and I will not have the right to cross examine them.

THE COURT: You objected to the —

MR. HELLMAN: My objection is that I believe this testimony is about to be that these two persons told him that Mr. Harden, the defendant was operating a motor vehicle and in some sort of irregular manner. I believe that is highly prejudiical and is not justified in terms of what might be proved.

THE COURT: This testimony is admitted in exception to the hearsay rule in that the purpose is to show that the officer was alerted as to the condition of the defendant and for that purpose only. It won't be necessary, I take it, Mrs. Fehrenbacher, to have an extended conversation?

MRS. FEHRENBACHER: No.

THE COURT: It's only to show the fact that the officer was notified. For that reason, the witness will be allowed to testify as to what was told him by the person or persons in the other car.

(The following in Court room before jury)

THE COURT: Would you repeat the last question, please.

REPORTER: Again, calling your attention to the date and the

time of 6:30 P.M. did anything out of the ordinary occur at that time?

THE COURT: You may answer the question — overruled.

MR. SUTTON: A man and woman drove up to my unit and advised me that there was a man driving a yellow pick up truck, forcing cars off the road between St. Marie and Junction 49 and 33. And the driver pointed out the truck to me as belonging to the defendant, Mr. Harden."

The defendant first asserts that the foregoing evidence was "violative of the hearsay rule" and that since the evidence is not "overwhelming" or "ample" against the defendant "* * * justice and fairness would appear to be better served by a reversal with remand for a new trial, excluding the prejudicial testimony." The State's reply to this assertion is simply that "the statement was not hearsay and therefore properly admitted."

The main thrust of the State's argument is that the statement was "offered not to establish the fact in the statement, but to show the reason for the conduct of the witness," *i.e.*, "to show that a statement had been made to put him on notice." It is interesting to note, however, that the following quotation from *People v. Rice*, 109 Ill.App.2d 391, 395, 248 N.E.2d 745, 747, is cited by the State:

> " 'The test of admissibility of evidence is whether it fairly tends to prove the particular offense charged and any circumstances may be put in evidence which tends to make the proposition at issue either more or less probable.' "

We agree with the test espoused by the court in *People v. Rice*, in fact, we quoted *People v. Peter*, 55 Ill.2d 443, 303 N.E.2d 398, 408, for an identical proposition in *People v. Rogers*, 23 Ill.App.3d 115, 318 N.E.2d 715. Therein we held that the evidence in question was relevant since it tended to prove the proposition in issue (whether the defendant committed the offense charged) more probable than its non-existence. We are compelled to reach a contrary conclusion in the instant case.

If we assume *ad arguendo* that the proffered evidence was introduced solely to show notice on the part of the arresting officer, such evidence was irrelevant, since what motivated the arresting officer to place the defendant under surveillance was not in issue, and evidence concerning the officer's motivation had no probative value with respect to the defendant's guilt of the offense charged. Probative value, *i.e.*, relevancy, attaches to such evidence only when it is proffered in an attempt to establish the truth of the matter asserted therein.

■■ If, on the other hand, we assume that this evidence was proffered in an attempt to prove the truth of the matter asserted therein, it should

have been excluded as hearsay when objection was raised by the defense counsel. (*People v. McKee*, 39 Ill.2d 265, 235 N.E.2d 625.) The essential feature of the hearsay rule is not that all statements made out of the presence of the defendant are inadmissible but rather that all testimony is inadmissible which does not give the defendant an opportunity for cross-examination of the party whose assertions are offered. (*People v. Cook*, 33 Ill.2d 363, 211 N.E.2d 374.) In *People v. Colegrove*, 342 Ill. 430, 438, 174 N.E. 536, 539, our supreme court stated:

> "Declarations out of court or statements of any kind by a third person against the accused, made in his absence and without his knowledge, are inadmissible as evidence against him."

See also *People v. Smuk*, 12 Ill.2d 360, 365, 146 N.E.2d 32.

■■ In the instant case the admission of Trooper Sutton's testimony concerning what he was told by unnamed motorists, used for the alleged purpose of showing "notice," bore too heavily upon defendant's guilt or innocence to allow its admission. Although other competent evidence was presented to establish the degree, or extent, of defendant's intoxication, the source of the only evidence of defendant's abnormal driving was this incompetent hearsay evidence which was admitted over objection. Furthermore, the trial court failed to admonish the jury as to the limited purpose for which such evidence was to be admitted. Under these circumstances, we can only conclude that the jury's finding was based in part on incompetent evidence which was so prejudicial to the defendant as to deny him his right to a fair and impartial trial. We believe that justice will be better served in a new trial, free from such error, and we remand the case for that purpose. While "notice" may be shown to explain the reason for the conduct of the witness, it is not necessary that the details of the report and language of the informant be disclosed, particularly when those details or language would describe criminal acts.

■■■ Having thus decided, we need consider only one additional issue, the defendant's contention that since no probable cause for the arrest was established the case should be reversed without remand. Section 107—2 of the Code of Criminal Procedure (Ill. Rev. Stat., ch. 38, par. 107—2) provides, in part, that:

> "A peace officer may arrest a person when:
>
> \* \* \*
>
> (c) He has reasonable grounds to believe that the person is committing or has committed an offense."

This same element of probable cause is one of constitutional dimension which must be demonstrated from the attending circumstances of the case as reasonably existing in the mind of the arresting officer at the moment his arrest of the accused is effectuated. (*Beck v. Ohio*, 379 U.S. 89,

13 L.Ed.2d 142, 85 S.Ct. 223.) As stated in *People v. Brooks,* 13 Ill.App.3d 1003, 1006, 301 N.E.2d 496, 498:

> "This belief may be founded on hearsay evidence and on factual and practical considerations of everyday life upon which reasonable, prudent men, not legal technicians, operate. The question of whether probable cause exists depends on the facts of each individual case. See *People v. Colbert,* 10 Ill.App.3d 758, 760, [295 N.E.2d 225] (1973), and cases cited therein."

An officer is justified in regarding information as reasonably reliable in making an arrest if the information is independently corroborated (*Beck v. State of Ohio; People v. Ostrand,* 35 Ill.2d 520, 221 N.E.2d 499) by the officer's independent observations (*People v. Cummings,* 38 Ill.2d 11, 230 N.E.2d 187). Having carefully considered the record of the instant case, it is our conclusion that the factual circumstances which presented themselves to the arresting officer were sufficient to give rise to a reasonable belief that the defendant committed the offense for which he was charged, prior to the effectuation of his arrest.

Accordingly, we reverse the judgment entered by the circuit court of Jasper County and remand this cause for a new trial consistent with the opinions expressed herein.

Reversed and remanded with directions.

CREBS and CARTER, JJ., concur.