1076

Opinion filed June 25, 1980.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Eisen-Stein, and Ann L. Benedek, Assistant State's Attorneys, of counsel), for the People.

Bruce Wexler, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Clement L. Pacini, was charged with the unlawful possession of phencyclidine, a controlled substance. Prior to trial, defendant moved to suppress the physical evidence which had been recovered by the arresting officer. At the conclusion of the hearing on the motion, the trial court suppressed the evidence. The State appeals.

At the hearing, Officer John Scalise of the Chicago police department was the sole witness. Scalise testified that on September 26, 1979, at approximately 9:45 p.m., he was on duty in civilian clothes at 615 North Campbell Avenue in Chicago. Scalise as a police officer had participated in approximately 500 narcotics arrests. As Scalise walked from his vehicle, he saw defendant receive money from a Mr. Kowalchek, who was seated in a parked automobile. Scalise testified that he was acquainted with defendant. When Scalise was approximately 100 feet away from the two men, defendant saw Scalise. The officer saw defendant quickly throw two clear bags containing white powder to the ground. Scalise then walked over and picked up the bags. He examined the contents and believed them to be a controlled substance. The officer testified that he then arrested defendant.

At the conclusion of the hearing on the motion to suppress, the following colloquy occurred:

"DEFENSE COUNSEL: Your honor, the officer said he saw money pass and assumed this was a sale. He goes to the defendant to effectuate an arrest. Something was dropped and he arrested him for possession. Under the Roebuck case [*People v. Roebuck* (1962), 25 Ill. 2d 108, 183 N.E.2d 166] that is an illegal search.

THE COURT: Why? There is no search.

DEFENSE COUNSEL: It's no search except under the *Roebuck* exception would include a drop case. The officer said he saw something come from the defendant. All the officer saw was money passed. He did not see anything else transpire. When he went over there surely the defendant didn't have a right to leave. He was in fact under arrest. It was an affirmative action taken by the police officer and the defendant could do nothing else if the officer's story is correct.

THE COURT: Mr. State's Attorney, any argument?

PROSECUTOR: No, your Honor.

THE COURT: I agree. I would say that ordinarily we would expect something from the officer like halt or wait. This is unique here. They know each other and that in itself is affirmative action.

Motion to suppress is sustained."

The State contends that the order suppressing the evidence is manifestly erroneous where defendant was not arrested until after the physical evidence, which had been abandoned by defendant, was recovered and examined by the police officer.

The trial court incorrectly applied *Roebuck* to the present situation. In that case, defendant was arrested for an ordinance violation. The evidence showed that he was merely walking down the street with another person when he was arrested. Following the arrest, defendant was observed throwing an object into a parked automobile. The object was recovered and it was identified as heroin. The court ruled that the arrest was unlawful and suppressed the heroin. The court held that the lawfulness of an arrest depends upon the justification for the arrest at the time it was made, and the discovery of the heroin upon search after arrest did not relate back to operate as a justification for the arrest. In the present case, no arrest had occurred prior to defendant's action in ridding himself of the bags of white powder.

In *People v. Jackson* (1968), 98 Ill. App. 2d 238, 240 N.E.2d 421, the court defined an arrest as follows:

"An arrest, in the sense we are concerned with here, requires a purpose or intention to effect an arrest under a real or pretended authority, an actual or constructive seizure or detention of the

person to be arrested by one having the present power to control him, a communication by the arresting officer of his intention to arrest, and an understanding by the person to be arrested that such is the intention of the arresting officer." (98 Ill. App. 2d 238, 244.) In the present case, none of the foregoing elements of an arrest were present prior to the time defendant threw the two bags of white powder to the ground. When the officer was approximately 100 feet away without having had any communication with defendant, the latter voluntarily discarded the bags and they were recovered by the police officer. When a police officer observes a defendant voluntarily abandon packets in a public place and the officer picks them up, neither an illegal search nor a seizure has occurred. (*People v. Cimino* (1970), 45 Ill. 2d 556, 257 N.E.2d 97; *People v. Cummings* (1967), 38 Ill. 2d 11, 230 N.E.2d 187.) The mere fact that the police officer was acquainted with defendant, without any words between them and at a considerable distance from each other, would not make defendant reasonably believe that he had been arrested or that the police officer intended to arrest him. Since no arrest had occurred, the officer's recovery of the controlled substance was not the result of illegal police conduct, and the court erred in suppressing the evidence.

In this court, defendant argues that the trial court suppressed the evidence because it did not believe the testimony of the police officer. The record reveals, however, that in the trial court defendant argued only the applicability of *Roebuck* and that the court based its decision on its belief that legally an arrest had occurred before the officer recovered and examined the physical evidence. The court's comment that "ordinarily we would expect something from the officer like halt or wait" did not constitute an expression of disbelief of the officer's testimony. It is clear that the ruling was based upon an erroneous application of law, not on the credibility of the officer's testimony.

For the reasons stated, the order of the circuit court of Cook County suppressing evidence is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McGILLICUDDY, P. J., and SIMON, J., concur.