(No. 37498.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DON CARLOS PEAK, Plaintiff in Error.

*Opinion filed November 26, 1963.*

F. STANLEY RODKEY, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and WILLIAM J. MARTIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Don Carlos Peak, was indicted in the criminal court of Cook County for the unlawful possession of narcotics. The defendant made a motion to suppress evidence, being marijuana taken from his person by the arresting officers, which he urged had been obtained in violation of his constitutional rights. A full hearing was held on the defendant's motion to suppress and the trial judge, after hearing the evidence presented, denied the defendant's motion. The defendant then pleaded not guilty and waived trial by jury. After trial a finding of guilty was entered by the court and the defendant was sentenced to a term of two to six years in the penitentiary. The defendant prosecutes this writ of error to review his conviction.

His sole contention is that the trial court erred in denying his motion to suppress. The defendant alleges that his arrest was unlawful because the officers had no warrant for his arrest and did not have reasonable grounds, as far as the record shows, for believing that he had committed a crime. The defendant argues that since the arrest was unlawful any search was also unlawful and evidence obtained thereby would be inadmissible.

It is necessary that we examine the testimony of the

witnesses presented during the hearing on the motion to suppress in order to determine whether the arrest was lawful.

On October 13, 1960, three inspectors from the Illinois Division of Narcotics Control, inspectors Manson, Silberman and Norton, apprehended Jesse Peak, the brother of the defendant, Don Carlos Peak, at 1844 Ashland Avenue, Evanston, Illinois, where both of the brothers resided. Inspectors Norton and Manson with Jesse Peak walked outside the building and down the rear stairs where Jesse Peak produced a quantity of marijuana. Norton, Manson and Jesse Peak then returned to the back porch which was enclosed by windows and while standing on the porch inspector Manson observed defendant Don Carlos Peak get out of an automobile in the alley. Inspector Manson testified that when he saw the defendant entering the back yard he asked Jesse Peak who the person was. Jesse Peak replied, "That is my brother, Ducky." At this moment inspector Manson saw the defendant reaching behind a garbage disposal unit, and inspector Norton asked Jesse Peak. "What is he doing?" Jesse Peak replied, "He is picking up some pot." Inspector Manson saw the defendant pick up a small package and put it in his pocket. He further testified that from his experience in narcotics detection he knew that marijuana was commonly referred to as "pot." Upon hearing Jesse Peak's statement about "pot" inspector Manson told inspector Norton to stop the defendant, Don Carlos Peak.

Inspector Norton, who was present on the back porch during these conversations, heard Manson ask Jesse Peak if he knew the identity of the man coming in the yard and heard Jesse Peak reply, "That is my brother, Ducky." He also saw the defendant lean down by the garbage can and pick up what appeared to be a brown manila envelope. It does not appear from the testimony of inspector Norton that he heard the question and answer with regard to the marijuana or "pot". He further testified that he was instructed

by inspector Manson to apprehend the defendant as he was heading back to the alley. Norton left the porch to arrest the defendant and brought him back into the house where he was instructed to empty his pockets. A small manila envelope containing crushed green plant stipulated to be marijuana was in his pocket.

Jesse Peak testified for the defense and denied saying anything to Manson just before his brother was arrested and denied telling Manson that the defendant was picking up some "pot". He also denied showing the inspectors a quantity of marijuana in his back yard. He further denied being with Norton or Manson or mentioning his brother or being taken to the back porch, but testified that the first time he noticed his brother was when inspector Norton was bringing him up the steps of the back porch to the house. The defendant, Don Carlos Peak, testified that he was arrested by officer Norton in the alley near his house and that he was "going to the bathroom" at the time he was arrested. The defendant denied that he picked up a package near a garbage can or that he put a package in his pocket while standing there. He further denied knowledge of any marijuana in that location.

The constitution of the State of Illinois does not prohibit all searches but only those which are unreasonable. It is well established that a search incident to a lawful arrest is authorized when reasonably necessary to protect the arresting officer from attack, to prevent the prisoner from escaping, or to discover the fruits of the crime. (*People* v. *Alexander*, 21 Ill.2d 347; *People* v. *Burnett*, 20 Ill.2d 624; *People* v. *Watkins*, 19 Ill.2d 11; *People* v. *Heidman*, 11 Ill.2d 501.) If the arrest was lawful the officers had a right to search the person of the defendant.

However, it is equally well settled that where an arrest is unlawful in the beginning it cannot be made lawful by the discovery and seizure of contraband articles. (*People* v. *West*, 15 Ill.2d 171.) It is clear that the legality of a search

is not determined by its results. (*People* v. *Parren*, 24 Ill.2d 572; *People* v. *Galloway*, 7 Ill.2d 527; *Johnson* v. *United States*, 333 U.S. 10, 92 L. ed. 436.) The determining issue in the present case, therefore, is the validity of the defendant's arrest.

An arrest may be made by an officer without a warrant for a criminal offense committed or attempted in his presence or when a criminal offense has in fact been committed and he has reasonable grounds for believing that the person to be arrested has committed it. Ill. Rev. Stat. 1961, chap. 38, par. 657; *People* v. *Boozer*, 12 Ill.2d 184; *People* v. *Kalpak*, 10 Ill.2d 411.

Officers and employees of the Division of Narcotics Control, and other law enforcement officers whose duties are to enforce the Uniform Narcotic Drug Act, are authorized by statute to make arrests without warrants for violations of the act where a violation is committed in their presence or where they have reasonable grounds to believe that the person to be arrested has committed or is committing a violation. (Ill. Rev. Stat. 1961, chap. 38, par 22—25.) The defendant argues that at the time of his arrest the officers had no reasonable grounds to believe that he had committed an offense and the arrest without a warrant was therefore unlawful.

It is axiomatic that what is "reasonable" depends on the surrounding facts and circumstances of each individual case. (*People* v. *Kissane*, 347 Ill. 385; *People* v. *Scalisi*, 324 Ill. 131.) The courts of Illinois have repeatedly adopted the view that an officer is not justified in making an arrest without a warrant on the "bare suspicion" that the suspected person may be guilty of an offense. (*People* v. *Edge*, 406 Ill. 490; *People* v. *Exum*, 382 Ill. 204; *Henry* v. *United States*, 361 U.S. 98, 4 L. ed. 2d 134.) On the other hand, probable cause or reasonable grounds means something less than the evidence which would result in a conviction. (*People* v. *Fiorito*, 19 Ill.2d 246; *People* v. *Jones*, 16 Ill.2d 569;

*Draper* v. *United States,* 358 U.S. 307, 3 L. ed. 2d 327.)
Probable cause for arrest exists when the facts and circum-
stances within the arresting officer's knowledge, and of
which he had reasonable and trustworthy information, are
sufficient in themselves to warrant a man of reasonable cau-
tion in believing that an offense has been committed, and
that the person arrested is guilty. *People* v. *Fiorito,* 19
Ill.2d 246; *People* v. *Jones,* 16 Ill.2d 569; *People* v. *La
Bostrie,* 14 Ill.2d 617.

From the testimony of the officers it is clear that there
existed reasonable grounds for an arrest in the present case.
They had apprehended the defendant's brother on a nar-
cotics charge at the time. He took them outside into the back
yard where he pointed out a quantity of marijuana. While
standing in the glass-enclosed back porch the officers ob-
served another man get out of a car in the alley and come
into the back yard. He was identified as being the brother
of the person apprehended, who also resided at the same
address. He was seen reaching down and behind a garbage
disposal unit and picking up a small package which he put
in his pocket. When the arrested man was asked what his
brother was doing he stated, "He is picking up some 'pot' ",
which the officers knew to mean marijuana. There can be
little question but that under such circumstances the officers
had a right to make an arrest. Before the defendant came
on the scene the officers had first-hand knowledge of mari-
juana located in the yard; they personally observed the de-
fendant enter the yard and pick up a small package or ma-
nila envelope from a hiding place; and at this moment they
were informed by the person in custody that the man in the
yard was his brother and was picking up marijuana.

The fact that the officer who actually went into the yard
and made the arrest did not appear to hear the statement
that the defendant was picking up some "pot" is immaterial
for he himself had observed the conduct of the defendant in
the yard, heard his brother identify him, and was instructed

by the officer who did hear the statement to make the arrest. When the officers are working together under such circumstances the knowledge of each is the knowledge of all and the arresting officer had the right to rely on the knowledge of the officer giving the command together with his own personal knowledge. *United States* v. *Romero,* (2d cir.) 249 F.2d 371, 374.

Although Jesse Peak denied making the statement attributed to him, the weight to be accorded his denial and the testimony of the defendant were matters to be determined by the trial judge who saw and heard their testimony and the testimony of the inspectors. The credibility of the witnesses was properly assessed by the trial judge and no basis can be found in the record for overturning his determination. *People* v. *Hightower,* 20 Ill.2d 361; *People* v. *West,* 15 Ill.2d 171.

In view of the foregoing it is the opinion of this court that reasonable grounds existed for the arrest of the defendant, that the search and seizure incident to the arrest were lawful and that the trial court properly denied the motion to suppress. For the reasons stated the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*