*In re* RICHARD A. FOSTER, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* RICHARD A. FOSTER, Respondent-Appellant.)

Fifth District   No. 78-208

Opinion filed November 28, 1978.

Gerald A. Sims, Jr., Public Defender, of Pinckneyville, for appellant.

Lloyd Middleton, State's Attorney, of Pinckneyville (Raymond F. Buckley, Jr., and Stephen J. Maassen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Respondent, Richard A. Foster, a minor who had previously been adjudged delinquent and placed on probation in 1977, appeals from the order of the Circuit Court of Perry County revoking his probation and committing him to the Department of Corrections. Respondent alleges that the trial court erred in admitting his confession into evidence and in refusing to grant his pretrial motion for discovery.

During the weekend of February 11 through 13, 1978, the DuQuoin City Library was vandalized. Foster's probation officer, Ivan Heape, notified Gerald Lively, the juvenile officer for the City of DuQuoin, that, according to an informer, respondent and another young male, Randall Jones, participated in the acts of vandalism. Officer Lively issued instructions to the other members of the police department to bring respondent and Jones to the police station so that he and the probation officer could talk to them.

On February 17, Jones was picked up by two officers of the DuQuoin Police Department who ordered him to get in the squad car. Jones was given his *Miranda* warnings and was subsequently interrogated. After he signed a statement waiving his rights, he confessed to his participation in the acts of vandalism.

Approximately a week to nine days after the vandalism and during the early evening hours, two officers observed Foster and another young

male running from an alley and across Division Street in DuQuoin. The officers pulled into a nearby parking lot and stopped Foster. Foster testified that Officer Jackson, one of the two policemen, asked him what he was running from. He replied that he was running from "nothing." Foster was then told to get in the car so that he could be interrogated by Lively at the police station. Officer Jackson also testified that he asked Foster why he was running. After Foster failed to reply, Jackson asked him to disclose the identity of the other male. Foster, however, denied that there was anyone with him. Foster then asked Jackson why he was being taken to the police station, to which Jackson replied that Lively and Heape wanted to talk to him. The officer opened the squad car door and respondent stepped in.

Foster was interrogated at the city hall which was also known as the courtroom. Officer Lively testified that Foster was neither in custody nor under arrest, and that he would have been permitted to leave had he so requested. Foster, however, testified that he did not feel free to leave at any time. Prior to questioning, Foster was given the *Miranda* warnings, and at 8:59 p.m., he signed a waiver of rights. One minute later, he signed a statement admitting his presence at the DuQuoin library but claiming that the vandalism had already been accomplished. Shortly thereafter, at 10:20 p.m., Foster signed a confession. He and Jones were subsequently charged in a juvenile petition for supplemental relief with criminal damage to property over $150.

Prior to the adjudicatory hearing, respondent filed a motion for discovery, which was denied, and a motion to suppress the confession. In the latter motion, respondent alleged that the confession was the "fruit" of an illegal arrest which was accomplished without a warrant and probable cause. After a hearing the trial court suppressed Jones' confession but not Foster's. The court found that:

> "[t]he two cases are distinguishable on the circumstances of the apprehension and the subsequent detention in the police station of the two juveniles. Namely, that the Foster boy was engaged in questionable behavior at the time he was apprehended. He was running. It was apparently after dark, and in a busy section of town. I will find probable cause was established for his apprehension and subsequent detention."

At the adjudicatory hearing the following day, Foster's confession was admitted into evidence and the court found the allegations in the supplemental petition to be true. Thereafter, at the dispositional hearing, Foster's probation was revoked and he was committed to the Department of Corrections.

On appeal respondent reiterates his argument that there was no probable cause for his arrest and that consequently his confession should

have been suppressed as the "fruit" of an illegal arrest. The State, however, contends that the actions leading to respondent's confession did not constitute an arrest; that the detention of respondent was valid pursuant to subsection 1 of section 3—1 of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 703—1(1)), which provides for the temporary custody of a minor; and that even if such actions were considered to be an arrest, it was supported by probable cause.

■■ ■ An arrest involves the authority to arrest, an assertion of that authority with *intention* to effect an arrest, and the restraint of the person to be arrested. (*People v. Robbins*, 54 Ill. App. 3d 298, 369 N.E.2d 577 (5th Dist. 1977); *People v. Ussery*, 24 Ill. App. 3d 864, 321 N.E.2d 718 (3d Dist. 1975).) All of these elements are present in the instant case notwithstanding the police officers' statements that respondent was not arrested and was free to leave. We first note that intent, being a state of mind, is rarely susceptible of direct proof, but must ordinarily be inferred from the facts. The officers' declarations of intent at the hearing are only one factor in considering whether respondent was under arrest. In recognition that such declarations are often self-serving and conclusory, we feel compelled to scrutinize the acts of all the participants as well. The evidence shows that Officer Lively instructed the officers of the DuQuoin Police Department to bring respondent to the police station. This directive was mandatory, not discretionary. When Officer Jackson confronted respondent on Division Street, it was apparent that respondent had no choice but to comply with the request to get in the squad car. The fact that respondent offered no resistance does not lend support to the State's argument that there was no arrest. Respondent simply recognized that if he failed to comply with Jackson's demand he still would be taken to the station. Likewise, at the interrogation, respondent had reason to believe that it would be futile to attempt to leave. Although Officer Lively testified that respondent could have left, in light of the intensive interrogation in the courtroom in the presence of two police officers, respondent had no reasonable opportunity to go home until after the termination of the questioning. The State cannot now assert that respondent was free to go when it was apparent that he was being restrained.

■■ ■ Having determined that respondent was arrested, we must consider whether the officers had probable cause to make that arrest.

> "Probable cause for arrest exists when the facts and circumstances within the arresting officer's knowledge, and of which he had reasonable and trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in believing that an offense has been committed, and that the person arrested is

guilty." (*People v. Peak*, 29 Ill. 2d 343, 348, 194 N.E.2d 322, 325 (1963).)

The only evidence which the State offers as justifying a finding of probable cause is that an unknown informer believed respondent committed the acts of vandalism and that respondent was running across a street in the evening hours approximately seven to nine days after the criminal act. The law in Illinois is clear that an arresting officer may rely upon information supplied by an informer in determining whether probable cause exists "if the reliability of the informant has been previously established or independently corroborated." (*People v. McCray*, 33 Ill. 2d 66, 70, 210 N.E.2d 161, 163 (1965), *aff'd*, 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056 (1967); *People v. Vogel*, 58 Ill. App. 3d 910, 374 N.E.2d 1152 (3d Dist. 1978).) In the present case, the State failed to introduce any evidence of corroboration or the informer's reliability. The testimony of Officer Lively never established that the probation officer, Ivan Heape, considered the informer to be reliable. Although Lively believed that Heape was dependable, there was no evidence which directly reflected upon the reliability of the informer. The only evidence, therefore, which arguably supported the finding of probable cause was the alleged suspicious activity of respondent on the night he was apprehended. Respondent, however, from all indications, was doing nothing more than running across a street during the early evening hours at a time considerably remote from the occurrence of the criminal conduct. We find no justification for the trial court's finding that respondent was engaged in suspicious behavior. Consequently, we find it inexplicable why the court suppressed Jones' statement but not Foster's when both youths were picked up by the police under reasonably similar circumstances.

■■ The State argues, in essence, that the respondent can be taken into temporary custody on less than a finding of probable cause by virtue of subsection 1 of section 3—1 of the Juvenile Court Act. This subsection provides that "[a] law enforcement officer may, without a warrant, take into temporary custody a minor (a) whom the officer with reasonable cause believes to be a person described in Section 2—1" (one who is delinquent, otherwise in need of supervision, neglected or dependent). The State would have us construe the phrase "reasonable cause" as not requiring the existence of probable cause. It is beyond question that the terms "probable cause" and "reasonable cause" are interchangeable. It is inconceivable, therefore, that the legislature intended a different construction for these two phrases especially in light of the growing recognition that minors have the same procedural rights as adults "unless specifically precluded by laws which enhance the protection of such minors." Ill. Rev. Stat. 1975, ch. 37, par. 701—2(3)(a).

■■ ■ The law is settled that "[w]hen a defendant has been arrested without probable cause, statements by the defendant which were made as a result of that arrest are inadmissible at trial unless the State can establish the existence of intervening circumstances which dissipate the taint of the illegal arrest." (*People v. Williams*, 53 Ill. App. 3d 266, 273, 368 N.E.2d 679, 684 (1st Dist. 1977); *Brown v. Illinois*, 422 U.S. 590, 45 L. Ed. 2d 416, 95 S. Ct. 2254 (1975).) The mere fact that *Miranda* warnings were given is not sufficient in itself to break the causal connection between the illegal arrest and the confession. (*Brown v. Illinois*.) Other factors are to be considered such as the temporal proximity of the arrest and the statement, the presence of intervening circumstances and the degree of the official misconduct. (*Brown v. Illinois*.) In the present controversy, it is clear that the taint of the illegal arrest was not attenuated. Respondent was arrested and immediately taken to the courtroom for interrogation. Shortly thereafter, he signed a waiver of his rights and confessed to participating in the acts of vandalism. Although *Miranda* warnings were given, they do not automatically break the connection between the arrest and the statement. In the absence of other intervening circumstances which arguably make the confession a product of free will, the statements should have been suppressed. We note that with the suppression of these statements, the only evidence connecting respondent to the commission of the crime is the statement by an unknown informer whose reliability has not been established nor whose information has been corroborated.

Accordingly, the judgment of the Circuit Court of Perry County revoking respondent's probation is reversed without remand. Respondent has raised other issues in this appeal, but in light of our holding we need not address them here.

Reversed.

EBERSPACHER, P. J., and JONES, J., concur.