**Harold GOLDSTEIN, father and next friend of Louis Goldstein, a minor, Plaintiff,**

v.

**Chris SPEARS and Kenneth M. Tomaszek, Police Officers for the Village of Indian Head Park, Illinois, Defendants.**

No. 81 C 2635.

United States District Court, N. D. Illinois, E. D.

April 7, 1982.

Albert Brooks Friedman, Ltd., George Panos, Chicago, Ill., for plaintiff.

John S. Roadhouse, Conklin & Adler, Ltd., Chicago, Ill., for defendants.

MEMORANDUM

LEIGHTON, District Judge.

Plaintiff Harold Goldstein, father and next friend of Louis Goldstein, brings this action under 42 U.S.C. § 1983 against Chris Spears and Kenneth Tomaszek, police officers for the Village of Indian Head Park (Village). He alleges that the actions of Spears in arresting Louis and the actions of Tomaszek in filing a Petition for Wardship, violated Louis' constitutional rights as guaranteed by the Fourth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Ninth and Tenth Amendments to the United States Constitution. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343. For the purposes of the motion the alleged facts are taken as true and are as follows.

Sometime in November of 1979 Louis, a minor, discovered some marijuana on a footpath in the Village and took it to the police station. When he presented the marijuana to Officer Spears, he was placed in custody. Officer Spears questioned Louis in an attempt to get him to divulge information on other activities involving narcotics which were taking place in the Village. Louis refused to provide any information. Before returning Louis to the custody of his father, Officer Spears made a record of the incident stating that Louis had been taken into custody and giving the reasons therefor. On April 28, 1980, a gun was discharged in plaintiff's home. Officer Tomaszek investigated the report of a discharged weapon and subsequently filed a Petition for Wardship of Louis.

On May 13, 1981 plaintiff filed an action in this court alleging that the above described actions infringed Louis' constitutional rights in violation of 42 U.S.C. § 1983. On October 16, 1981, the court dismissed that complaint for failure to state a claim and granted plaintiff leave to file an amended complaint. Plaintiff filed an amended complaint on November 5, 1981 alleging, in essence, the same facts as the prior complaint. As noted, the defendants have moved to dismiss the amended complaint. Having reviewed the parties' sub-

missions, the court, for the following reasons, finds that plaintiff has again failed to state a claim under 42 U.S.C. § 1983.

■ In order to state a claim under Section 1983, plaintiff must allege that "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). Defendants Spears and Tomaszek were acting in their capacity as police officers when the acts complained of took place and thus were clearly acting "under color of state law." The question is then, did their actions deprive Louis of rights secured by the Constitution?

■ While a juvenile may not, in some circumstances, have the same constitutionally protected rights as an adult, *see McKeiver v. Pennsylvania*, 403 U.S. 528, 533, 91 S.Ct. 1976, 1980, 29 L.Ed.2d 647 (1971), it is well settled that "neither the Fourteenth Amendment nor the Bill of Rights is for adults alone." *In re Gault*, 387 U.S. 1, 13, 87 S.Ct. 1428, 1436, 18 L.Ed.2d 527 (1967). There can be no doubt that a child, like any adult, has a substantial liberty interest in not being physically restrained or confined unreasonably. *See Parham v. J. R.*, 442 U.S. 584, 600, 99 S.Ct. 2493, 2503, 61 L.Ed.2d 101 (1979); *United States ex rel. Martin v. Strasburg*, 513 F.Supp. 691, 693 (S.D.N.Y.1981). Plaintiff argues that Louis was subjected to an unreasonable arrest. The court does not find any support for that contention in the alleged facts. Louis was taken into custody pursuant to Sections 703–1(1)(a) and 702–1 of the Juvenile Court Act, Ill.Rev.Stat. ch. 37 §§ 701–1 *et seq.* These sections provide that a law enforcement officer may take a minor into temporary custody without a warrant if the officer has reasonable cause to believe that the minor is "delinquent, otherwise in need of supervision, neglected or dependent . . . ." Section 702–2 defines a delinquent minor as "any minor who prior to his 17th birthday has violated or attempted to violate . . . any federal or state law or municipal ordinance . . . ." The Illinois courts have interpreted the phrase "reasonable care" in Section 703–1(1)(a) as having the same meaning as the term "probable cause." *In Interest of Foster*, 66 Ill.App.3d 193, 198, 22 Ill.Dec. 947, 383 N.E.2d 755 (5th Dist. 1978). Thus, if there was probable cause to believe that Louis had committed a crime, then Officer Spears was authorized by Illinois law to place him in custody.

■ Further, if there was probable cause, Officer Spears' actions would also be constitutional, as a warrantless arrest is constitutional where there is probable cause to believe that a crime has been committed. *Gerstein v. Pugh*, 420 U.S. 103, 113–114, 95 S.Ct. 854, 862–63, 43 L.Ed.2d 54 (1975); *United States v. Mancillas*, 580 F.2d 1301, 1304 (7th Cir. 1978), *cert. denied, Mancillas v. United States*, 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978); *United States v. Dansberry*, 500 F.Supp. 140, 143 (N.D.Ill. 1980). Whether or not probable cause exists depends "on the facts of the case . . . and on the 'practical considerations of everyday life on which reasonable men, not legal technicians act.'" *United States v. Allen*, 629 F.2d 51, 54 (D.C.Cir.1980) (quoting from *Bailey v. United States*, 389 F.2d 305, 309 (D.C.Cir.1967)). In the present case, Officer Spears was confronted by a juvenile with a controlled substance in his possession. The court finds that he had sufficient probable cause to believe that a crime had been committed. The fact that Louis had innocently obtained the marijuana is irrelevant to the question of probable cause. The statute, Ill.Rev.Stat. ch. 56½ § 704, makes it illegal to *possess* cannabis, and when Louis arrived at the police station, he had marijuana in his possession. Plaintiff does not allege that Louis was detained for an extended period of time and as there was no "extended restraint of liberty following arrest," the right to a hearing did not attach. *Gerstein*, 420 U.S. at 114, 95 S.Ct. at 863. Accordingly, the court finds that Officer Spears' actions were constitutionally proper and plaintiff has failed to state a claim under Section 1983.

■ With respect to Officer Tomaszek's filing of the Petition for Wardship, the court can find no interpretation of the facts

alleged by plaintiff which would support a finding that Louis' constitutional rights had been infringed. Plaintiff does not allege that Louis was arrested or searched, he simply contends that the filing of the petition was unconstitutional. Under Ill.Rev. Stat. ch. 37 § 704–1, any adult may file a petition. Such filing does not, however, automatically make the minor named a ward of the court; it merely initiates the process by which such minor may be adjudicated a ward. In the present case the petition was never fully processed and Louis was never made a ward of the court. There is simply nothing unconstitutional about Officer Tomaszek's filing of the petition, especially since it was filed because of Louis' actions in handling and firing a gun. Therefore, the court finds that Officer Tomaszek's actions are also constitutionally proper and plaintiff has failed to state a claim under Section 1983 against him as well. For these reasons, defendants' motion to dismiss is granted, and this suit is dismissed.

So ordered.