**Christopher J. MARTIN, et al., Plaintiffs,**

v.

**COUNTY OF KENDALL, et al., Defendants.**

No. 82 C 7836.

United States District Court, N.D. Illinois, E.D.

March 8, 1983.

Timothy J. Reuland, Lindner, Speers & Reuland, Aurora, Ill., for plaintiffs.

John T. Elsner and Schirott & Elsner, Itasca, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Three minor children, Christapher, Deanna and Harold Martin ("Christapher," "Deanna" and "Harold"), initially brought this action[1] in the Circuit Court of Kendall County, Illinois, alleging claims under 42 U.S.C. § 1983 ("Section 1983") and Illinois common law against Kendall County ("County"), County Sheriff Victor Frantz ("Frantz") and Deputy Sheriffs J. Rosetl ("Rosetl") and Terry Schiltz ("Schiltz"). Defendants removed to this Court.[2]

Schiltz has now moved to dismiss the Section 1983 claims against him. For the reasons stated in this memorandum opinion and order Schiltz's motion is granted. This Court also exercises its discretion to remand to the state court the state law claims against County, Frantz and Schiltz.

### Facts[3]

On November 2, 1980 Rosetl[4] falsely accused Christapher and Harold of illegally

---

1. In fact their mother and next friend, Linda Martin, filed suit on their behalf.

2. Plaintiffs did not object to removal. As originally filed the Complaint stated both Section 1983 and pendent state law claims against each defendant, so removal was proper under 28 U.S.C. § 1441. *See* 14 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3724, at 648–49 (1976). As noted below, plaintiffs later dismissed their Section 1983 claims against County and Frantz, and the state claims against them thereby became claims against pendent parties not charged under Section 1983. Had plaintiffs so pruned their Complaint before removal, the state claims against County and Frantz would thus have been "otherwise non-removable" within the meaning of 28 U.S.C. § 1441(c) ("Section 1441(c)"). This

opinion also discusses below the relevance and import of Section 1441(c) in the situation as it actually occurred. In any event, because removal of the action as originally filed was proper, remand is not required by 28 U.S.C. § 1447(c) ("Section 1447(c)"), which mandates remand only if the entire case had been "removed improvidently and without jurisdiction." See Cook v. Weber, 698 F.2d 907 at 910 (7th Cir.1983).

3. As usual on a motion to dismiss, the well-pleaded allegations of the Complaint are taken as true for purposes of the motion. *Mathers Fund, Inc. v. Colwell Co.,* 564 F.2d 780, 783 (7th Cir.1977).

4. Throughout, the Complaint employs the unfortunate style of alleging acts were done by

entering a neighbor's trailer with the intent to commit a theft. Rosetl took the two from their home to a County Sheriff's Department substation, where they were detained for 2½ hours and released. No criminal charges or juvenile proceedings were thereafter instituted against Christapher in connection with Rosetl's accusations.

On March 3, 1981 Schiltz maliciously and without probable cause charged Deanna and Harold with being delinquent minors in petitions for adjudication of wardship under the Juvenile Court Act, Ill.Rev.Stat. ch. 37, § 704-1 ("Section 704-1"). Schiltz's petitions cited Deanna and Harold for committing the November 2, 1980 burglary on the neighbor's trailer. On March 20, 1981 the Juvenile Court dismissed Schiltz's petitions.

### Proceedings in This Case

Plaintiffs' original Complaint comprised seven counts:

1. In Count I Christapher charged County, Frantz and Rosetl with common law false imprisonment.

2. In Count II Christapher asserted the same false imprisonment as a Section 1983 violation.

3. In Count III Deanna charged County, Frantz and Schiltz with common law malicious prosecution.

4. In Count IV Deanna charged the same malicious prosecution as a Section 1983 violation.

5. In Count V Harold charged County, Frantz and Rosetl with common law false imprisonment.

6. In Count VI Harold charged County, Frantz and Schiltz with common law malicious prosecution.

7. In Count VII Harold asserted all four defendants had violated Section 1983 by the same false imprisonment and malicious prosecution.[5]

Plaintiffs' Ans.Mem. [3] and [8] concedes County and Frantz should be dismissed as defendants in Counts II, IV and VII.[6] Those Counts apparently assert liability on a respondeat superior theory—which cannot sustain a Section 1983 action against a local governmental body or supervisory official.[7]

For their part defendants have recast their motion to dismiss so it is now directed only at the Section 1983 claims against Schiltz. Defendants originally moved to dismiss the entire Complaint under Rule 12(b)(6). Their Mem. 2–6, however, argued (1) for dismissal only of the Section 1983 claims against all defendants and (2) for remand of the state law claims. Then defendants' R.Mem. 1–2 and 4 withdrew their motion to dismiss as it relates to Rosetl.

County or Frantz or Rosetl or Schiltz. Evidently that practice is related to plaintiffs' original intention to assert the liability of County and Frantz on a respondeat superior theory. Section 1983 liability, however, must rest on direct personal responsibility. *Crowder v. Lash,* 687 F.2d 996, 1005 (7th Cir.1982). Fortunately for plaintiffs, the use of the disjunctive "or" is not fatal at this stage because (1) their dismissal of Section 1983 claims against County and Frantz necessarily leaves the impugned actions those of Rosetl and Schiltz and (2) under the liberal pleading standards of *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957) the allegations as pleaded might still allow plaintiffs to prove they are entitled to relief by showing Rosetl's and Schiltz's personal responsibility for Section 1983 violations. As noted below, however, the allegations as to Section 1983 violations by Schiltz are inadequate for other reasons.

5. Count VII itself is somewhat unclear about distinguishing what Schiltz and Rosetl allegedly did to deprive Harold of his federal rights, but the alleged facts are clear from the preceding counts.

6. In effect plaintiffs have moved under Fed.R. Civ.P. ("Rule") 41(a)(1) for voluntary dismissal of County and Frantz from those counts without prejudice. Because no answer or summary judgment motion has been filed, no order of court is required for such dismissal, and it is of course granted as a matter of right.

7. Although the parties apparently believe *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) explains this result as to both County and Frantz, the issue of Frantz's supervisory liability under Section 1983 is better discussed in *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

At this point Section 1983 claims are still asserted against Rosetl (Count II), Schiltz (Count IV) and Rosetl and Schiltz (Count VII). Counts I and V state Illinois claims against County, Frantz and Rosetl. Counts III and VI state Illinois claims against County, Frantz and Schiltz. Defendants' motion to dismiss now addresses only Schiltz's inclusion in Counts IV and VII.

### Motion To Dismiss

Our Court of Appeals has recently noted (*Crowder,* 687 F.2d at 1002):

> To recover damages under 42 U.S.C. § 1983 a plaintiff must prove that the defendants acted under color of state law, that their actions resulted in a deprivation of the plaintiff's constitutional rights, and that the action of the defendants proximately caused the constitutional violation.

Allegations of a Section 1983 Complaint must provide facts that track those three elements of a plaintiff's ultimate case.

Defendants place their main reliance on their claim the allegations show Schiltz did not act "under color of" state law when he filed the juvenile petition. Mem. 3–4; R.Mem. 2–3.[8] On another issue, defendants' Mem. 3 originally raised, but R.Mem. 2–3 then abandoned, their argument Counts IV and VII charged Schiltz on a respondeat superior theory rather than on the basis of his own acts. *See Crowder,* 687 F.2d at 1005.

Those matters are really sideshows for the main event. Defendants have only barely touched (Mem. 3, 4; R.Mem. 4) on the dispositive issue posed by Counts IV and VII: Those counts do not properly allege a deprivation of plaintiffs' constitutional rights. Thus those counts fail to meet the pleading requirement implicit in the second element identified in *Crowder.*

Counts IV and VII purport to charge Schiltz under Section 1983 for the very same conduct that underlies the state malicious prosecution claims against him in Counts III and VI. Count IV ¶ 16 and Count VII ¶ 21 assert deprivations of four of Deanna's and Harold's constitutional rights:

> 1. their First Amendment[9] rights to free speech and association;

**8.** Defendants note *any* adult may file a juvenile petition for wardship under Section 704–1. They therefore reason Schiltz's actions were not "under color of" law because they were not official acts "made possible only because the wrongdoer is clothed with the authority of state law," *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941), quoted in *Monroe v. Pape,* 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961), *overruled in other part, Monell,* 436 U.S. at 700–01, 98 S.Ct. at 2040. Matters are not quite so simple. *Classic* and *Monroe* teach acts possible only because a wrongdoer is clothed with official authority *are* acts done "under color of" state law. That teaching does not however foreclose the possibility *other* acts done by an official may also be done "under color of" state law. Our Court of Appeals recently addressed the latter question in another context in *Briscoe v. LaHue,* 663 F.2d 713, 721 n. 4 (7th Cir.1981), *aff'd,* ── U.S. ──, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) (citations omitted):

> It is also true that acts committed by a police officer even while on duty and in uniform are not under color of state law unless they are in some way "related to the performance of police duties." ...

> But we cannot agree that, as a matter of law, the testimony of a police officer concerning information obtained during the course of the officer's investigative duties is never under color of law, because it may be that the full performance of an officer's investigative responsibilities includes the duty to testify at a criminal proceeding to present the results of that investigation. If such a duty to testify existed as part of an officer's official functions, whether by regulation or by custom ... then the officer's testimony may well be under color of state law.

That formulation suggests Schiltz's acts were done "under color of" Illinois law if filing the petitions were related to performance of his investigative or other police duties. Complaint Count IV ¶ 6 and Count VII ¶ 11 do allege Schiltz acted within "the scope of [his] employment." Coupled with the fact the petitions charged the same offense investigated by Rosetl, the quoted allegation strongly suggests Schiltz's acts followed upon the prior police work in the case. Thus the question poses some complexities. This whole matter need not be resolved, however, given this Court's finding the Section 1983 allegations against Schiltz are inadequate in another regard.

**9.** Of course all rights invoked by plaintiffs are really Fourteenth Amendment rights, but this opinion will follow customary practice by refer-

2. their Fourth Amendment right to be free from unlawful arrest;

. 3. their Sixth Amendment right to be informed of the nature and cause of accusations against them; and

4. their Fourteenth Amendment right not to be deprived of their liberty without due process of law.

None of those conclusory statements of constitutional deprivations will bear scrutiny in terms of the facts alleged.

No facts alleged in the Complaint even suggest any deprivation of Deanna's and Harold's First Amendment rights. As for the Sixth Amendment, the Complaint's allegations *negate* any inference Deanna and Harold were not informed of the accusations Schiltz made against them in the juvenile petitions: Those petitions specifically contained his charges. Count IV ¶ 6; Count VII ¶ 11. Finally, the conclusory allegations as to Fourth Amendment arrest and Fourteenth Amendment liberty infringements are in conflict with the Complaint's factual allegations that (1) the juvenile proceedings involved process by summons (Count IV ¶ 7; Count VII ¶ 12) and (2) terminated without any deprivation of Deanna's and Harold's liberty (Count IV ¶¶ 9–12; Count VII ¶¶ 14–17). No *arrest* is alleged in connection with the juvenile proceeding. And plaintiffs can hardly contend their liberty was deprived merely by reason of their having to answer the unsuccessful petition filed by Schiltz. *See Goldstein v. Spears,* 536 F.Supp. 606, 608–09 (N.D.Ill. 1982).

Deanna and Harold thus may have a perfectly sound claim against Schiltz under state law, especially given their allegations of malice and their contention the juvenile proceeding was initiated without probable cause. But a Section 1983 action requires

ring directly to the Bill of Rights provisions made applicable to the states by the Fourteenth.

10. Another way to put the same point is that the conclusory allegations about constitutional deprivations are not "well-pleaded" for purposes of the rule stated at n. 3.

more than a conclusory, internally refuted allegation of the deprivation of a constitutional right.[10] Count IV is therefore dismissed, and Schiltz is dismissed as a defendant to Count VII.

### *Remand Considerations* [11]

■ As it now stands the Complaint asserts Section 1983 claims only against Rosetl (Counts II and VII) and state law claims against County,[12] Frantz, Rosetl and Schiltz (Counts I, III, V and VI). Had the Complaint been filed in this Court in its present form, this Court would have had to dismiss the state law claims against the three nonfederal defendants (County, Frantz and Schiltz). *Owen Equipment Co. v. Kroger,* 437 U.S. 365, 372–73 & n. 12, 98 S.Ct. 2396, 2401–02 & n. 12, 57 L.Ed.2d 274 (1978) has said Section 1983 will not support jurisdiction over nondiverse pendent parties, and our Court of Appeals has all but closed the door on pendent party jurisdiction as a whole. *See Johnson v. Miller,* 680 F.2d 39, 41 (7th Cir.1982); *Hixon v. Sherwin-Williams Co.,* 671 F.2d 1005, 1007–09 (7th Cir.1982).

This action, though, comes to this Court via removal and not by plaintiffs' choice. That poses the question of plaintiffs' state law claims in a remand rather than a dismissal context. That question has three dimensions: constitutional, statutory and discretionary.

*Owen Equipment,* 437 U.S. at 371 & n. 10, 98 S.Ct. at 2401 & n. 10 suggests this Court has the constitutional *power* to adjudicate nonfederal claims along with federal claims whenever they derive "from a common nucleus of operative fact," quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

11. As noted, the parties dealt with the dispositive issue on the motion to dismiss in a very limited way. Remand questions, however, were not perceived by the parties at all.

12. County may be held liable on the state law claims on a theory of respondeat superior. *See Holda v. County of Kane,* 88 Ill.App.3d 522, 532, 43 Ill.Dec. 552, 560, 410 N.E.2d 552, 560 (2d Dist.1980).

That suggestion accords with the fact an action (such as the present one) asserting federal and nonfederal claims arising from common facts constitutes one constitutional "Case," to which the judicial power extends. *Id.;* U.S. Const. Art. III, § 2.

But *Owen Equipment* also teaches statutory law may limit this Court's constitutional jurisdiction. *Owen Equipment,* 437 U.S. at 372 & n. 12, 98 S.Ct. at 2402 & n. 12, thus reaffirmed the holding of *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) that Section 1983 does not permit jurisdiction over a state law claim against a "pendent party" over whom there is no independent basis for federal jurisdiction. *Owen Equipment* in sum teaches (437 U.S. at 373, 98 S.Ct. at 2402, quoting *Aldinger*):

> Beyond [the] constitutional minimum, there must be an examination of the posture in which the nonfederal claim is asserted and of the specific statute that confers jurisdiction over the federal claim, in order to determine whether "Congress in [that statute] has ... expressly or by implication negated" the exercise of jurisdiction over the particular nonfederal claim.

Here the "specific statute" at issue is not Section 1983 but the relevant removal statute, Section 1441(c):

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Although the situation has developed in a roundabout way, the removed Complaint now states (1) Section 1983 and pendent state claims against Rosetl and (2) only state claims against County, Frantz and Schiltz. Although under *Aldinger* the latter "separate and independent" state claims would not have been within this Court's original jurisdiction, Section 1441(c) implies this Court *may* adjudicate those claims within the case as now removed. Section 1441(c) thus seems to permit exercise of this Court's constitutional power to a greater extent than does Section 1983 itself.

Nevertheless it is clear this Court ought to exercise its discretion to remand the state law claims against County, Frantz and Schiltz to the state court. Both the Section 1983 and the pendent state claims against Rosetl focus on a discrete incident, the alleged false arrest/imprisonment of Christapher and Harold, and on one defendant's responsibility. On the other hand, the claims against County, Frantz and Schiltz are in part grounded on another incident (the filing of delinquency petitions) assertedly giving rise to state law claims—and even to the extent other claims are grounded on the false arrest/imprisonment incident, they too find their source solely in state law. As with the classic pendent party situation, all those issues are best left to the state court.

It may be that with the claims in their present posture, both plaintiffs and defendants would prefer that *all* claims be returned to the state court to promote orderly adjudication. That would depend on mutual agreement, for Rosetl has a right to removal if he insists on it.[13] What this Court determines is that the entire case should not remain here under all the circumstances.

---

**13.** There is some authority to the contrary, because Congress has given state courts concurrent jurisdiction over Section 1983 cases, and removal then permits the defendant to thwart plaintiff's choice of a forum authorized by Congress. Although it is somewhat anomalous to allow a defendant to do so, this Court must find a source of authority to remand the entire case to avoid such a result. As the text reflects, Section 1441(c) authorizes remand only of non-removable claims and not the case itself. Section 1447(c) speaks of remand only if a case was removed "improvidently *and* without jurisdiction" (emphasis added). Neither provides specifically for remand in the current situation. *See Cook,* 698 F.2d 907, at 910. In any event, concern for plaintiffs' choice of forum in this action is somewhat gratuitous: After all, plaintiffs did not object to the removal petition.

732

### Conclusion

Plaintiffs' implied motion to dismiss County and Frantz from Counts II, IV and VII is granted as a matter of right. Schiltz is dismissed from Count VII, and Count IV is dismissed in its entirety. This Court retains jurisdiction of (1) Counts II and VII, which now state Section 1983 claims only against Rosetl and (2) the state law claims against Rosetl alone under Counts I and V. All state law claims against County, Frantz and Schiltz in Counts I, III, V and VI are remanded to state court. Rosetl is ordered to answer the Complaint on or before March 18, 1983.