*In re* D.G., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. D.G., Respondent-Appellant).

Third District   No. 3—89—0599

Opinion filed September 5, 1990.

HEIPLE, P.J., dissenting.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Judith Z. Kelly and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The minor, D.G., was found guilty of violating his probation (Ill. Rev. Stat. 1987, ch. 37, par. 805—25). The trial court subsequently sentenced him to a five-day term in the juvenile detention center and 18 months' probation. The minor appeals.

The record shows that prior to trial, the minor filed motions to quash his arrest and suppress certain evidence. At a hearing on the motion, Officer Larry Layman testified that on June 2, 1989, he responded to a call from a savings and loan in the Northwoods Mall. The manager told him that a young boy had recently entered the savings and loan with about $1,000 in small bills and exchanged them for larger bills. The officer watched a videotape of the boy, who appeared to him to be about 12 or 13 years old. Subsequent evidence showed that D.G. was 13 years old at the time of the offense.

The officer testified that he then began searching the mall parking lot for the boy. After a few minutes, he saw D.G. walking with another boy. D.G. was carrying four large Toys "R" Us shopping bags, and his companion was carrying one Toys "R" Us bag. In the officer's judgment, the minor's attire suggested that he did not have enough money to pay for a large number of toys.

The officer stated that he drove alongside the two boys and told them to get into the car. As D.G. entered the car, he placed his wallet inside his waistband. Officer Layman asked him where the money was,

and D.G. said that he did not have any. The officer then told D.G. to hand over his wallet. After D.G. did so, Layman noted that there was about $420 inside. D.G. told him that he had stolen the money from his grandmother. He later admitted to the police that he had stolen the money from a video arcade. The arcade verified that the money had been stolen.

The trial court found that the officer had probable cause to arrest the minor when he told him to enter the car. Consequently, it denied the motions to quash the arrest and suppress evidence. The court granted a separate motion to quash statements made before the minor received *Miranda* warnings. Later, it found that the minor had violated his probation.

On appeal, the minor argues that the trial court erred in denying his motions to quash the arrest and suppress evidence. He contends that the officer performed either a *Terry* stop or an arrest when he told D.G. to enter the car and began questioning him. The minor submits that in either case, the officer lacked sufficient grounds to make a stop.

We shall first determine whether the encounter was a *Terry* stop or an arrest. In a *Terry* stop, a police officer may detain the suspect for a reasonable period of time and, if he believes he is in danger of attack, search for weapons. (*People v. Vena* (1984), 122 Ill. App. 3d 154, 460 N.E.2d 886.) A person is arrested when a reasonable man, innocent of any crime, would conclude that under the circumstances he is not free to leave. (*People v. Wright* (1985), 111 Ill. 2d 128, 490 N.E.2d 640.) Since the instant officer ordered D.G. to enter his squad car, asked him where the money was, and ordered him to hand over his wallet, we find that the officer went beyond the bounds of a *Terry* stop and performed an arrest when the minor entered the car.

In order for the officer to have properly arrested the minor, he must have had probable cause. (*People v. Peak* (1963), 29 Ill. 2d 343, 194 N.E.2d 322.) Probable cause to arrest exists when the facts within the officer's knowledge would warrant a man of reasonable caution in believing that the suspect has committed or is committing a crime. (*Peak*, 29 Ill. 2d at 348, 194 N.E.2d at 325.) Moreover, a trial court's finding that an officer had probable cause to arrest will not be disturbed on review unless it was manifestly erroneous. See *People v. Ross* (1985), 133 Ill. App. 3d 66, 478 N.E.2d 575.

According to the record, the 13-year-old minor entered a savings and loan with a large amount of money and asked that it be converted to larger bills. Soon afterwards, the officer spotted him carrying four large shopping bags filled with toys. In the officer's judgment,

the minor's attire suggested that he did not have enough money to buy a large number of toys. Based on the foregoing, the officer could have reasonably concluded that the minor had committed a crime. The trial court therefore did not manifestly err in denying the motions to quash the arrest and suppress evidence.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY, J., concurs.

PRESIDING JUSTICE HEIPLE, dissenting:

D.G., a 13-year-old boy, converted approximately $1,000 in small bills to large bills at a savings and loan institution located in Northwoods Mall in Peoria, Illinois. Savings and loan personnel notified police of the boy's actions and, after viewing the institution's videotape of the boy, police proceeded to look for him in the vicinity. Officer Layman noticed D.G. in the mall parking lot carrying two large Toys "R" Us bags and requested that he and another boy get into the squad car. Layman noticed D.G. putting a wallet in the waistband of his pants and asked him to hand over the wallet. D.G. responded that he did not have any more money. However, Layman took the wallet and counted $420. Layman proceeded to transport the boys to the station and question them without *Miranda* warnings. D.G. informed Layman that he had stolen the wallet from his grandmother.

Once at the station, D.G. was again questioned without *Miranda* warnings, and he told Officer Baer that he found the wallet outside Jimmie's Lock Shop. Baer transported D.G. to the site where he supposedly found the money, and at that time gave him the *Miranda* warnings, explaining in his own words that D.G. did not have to talk to him if he did not want to, that what he said could be used by a judge to find him guilty, and that he could have a lawyer present if he wanted. Baer testified that D.G. said he understood, but wanted to talk and had nothing to hide. Later, back at the station, D.G. confessed to having taken the money from a video arcade.

The trial court granted D.G.'s motion to suppress statements made prior to the *Miranda* warnings, but denied a motion to quash the arrest and suppress the evidence. The trial court found that the police had probable cause to arrest D.G. based on the fact that a young boy was in possession of such a large amount of money. D.G. was found guilty of violating his probation and sentenced to five days in the juvenile detention center and 18 months' probation. On appeal, the minor

contends that the trial court erred in denying his motion to quash arrest and suppress evidence. The majority holds that the police officer could have reasonably concluded that the minor had committed a crime and, therefore, had probable cause to perform the arrest. I respectfully dissent.

Because the actions of the police officer went beyond those of a *Terry* stop and constituted an arrest, probable cause must have existed in order for this arrest to stand. (*People v. Peak* (1963), 29 Ill. 2d 343.) Although the majority correctly define probable cause in Illinois, their interpretation that the circumstances of this case fall within the same is incorrect. At the point of arrest, the police officer had nothing more suspicious than a report of a young boy with a large amount of money whom he observed carrying bags of toys through a mall parking lot in daylight. This does not constitute a reasonable belief that a crime had been committed. In this instance, Officer Layman was acting on mere suspicion or, more correctly, a hunch.

Probable cause to arrest exists when the facts and circumstances within an arresting officer's knowledge are sufficient to warrant a man of reasonable caution the belief that a suspect has committed or is committing a crime. The facts and circumstances in this case are insufficient to support that inference. Accordingly, I dissent.